IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF MOTORCYCLE INJURY LAWYERS, INC., | Civil Action No. 1:20-cv-04866 |
| *Plaintiff,* | |
| v. | |
| HP3 LAW, LLC and HOWARD PIGGEE III, | |
| *Defendants.* | |

## **PLAINTIFF'S ANSWER TO COUNTERCLAIMS**

Plaintiff American Association of Motorcycle Injury Lawyers, Inc. ("AAMIL" or "Plaintiff"), for its Answer to the counterclaims of Defendants HP3 Law LLC ("HP3") and Howard Piggee III ("Piggee") (collectively, "Defendants"), admits, denies and otherwise avers as follows:

1.      In response to Paragraph 1, Plaintiff admits that Defendants seek a declaratory judgment and cancellation of certain trademark registrations, but deny that Defendants are entitled to the requested relief.

2.      Plaintiff denies that HP3 is an Illinois limited liability corporation and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies the same.

3.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4.      Plaintiff admits the allegations of Paragraph 4.

5.      Plaintiff admits the allegations of Paragraph 5.

1

6.      Plaintiff admits the allegations of Paragraph 6.

7.      Plaintiff admits the allegations of Paragraph 7.

8.      Plaintiff admits the allegations of Paragraph 8.

9.      Plaintiff admits the allegations of Paragraph 9.

## FIRST COUNTERCLAIM – NONINFRINGEMENT OF U.S. TRADEMARK NO. 2,859,697

10.      In response to Paragraph 10, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

11.      In response to Paragraph 11, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

12.      In response to Paragraph 12, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

## SECOND COUNTERCLAIM – CANCELLATION AND UNENFORCEABILITY OF U.S. TRADEMARK NO. 2,859,697

13.      In response to Paragraph 13, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

14.      Plaintiff admits that on June 18, 2003, Plaintiff applied for registration of LAW TIGERS® with the U.S. Patent Office for services in Class 45, namely, "Association services; namely promoting the interests of lawyer who have an interest in personal injury and accident law; Association services; namely, providing information and advocacy in the field of personal injury and accident law; Association services; namely promoting the interests of lawyers and law professionals; Association services; namely promoting the interests of motorcyclists and motorcycle drivers; Legal services; namely legal advisory services, provision of legal consultations,

legal advice and representation of others in legal matters, legal research, and services of lawyers, law professionals, and notary publics." Plaintiff denies the remaining allegations of Paragraph 14.

15.     Plaintiff denies the allegations of Paragraph 15.

16.     Plaintiff admits that it responded to the Office Action on December 18, 2003, and amended the identification of services accordingly, which were placed in classes 35 and 42. Plaintiff denies the last sentence of Paragraph 16, which is an incomplete and misleading quotation.

17.     Plaintiff admits the allegations of Paragraph 17.

18.     Plaintiff denies the allegations of Paragraph 18.

19.     Plaintiff denies the allegations of Paragraph 19.

20.     Plaintiff admits the allegations of Paragraph 20.

21.     Plaintiff denies the allegations of Paragraph 21.

22.     Plaintiff denies the allegations of Paragraph 22.

23.     Plaintiff admits the allegations of Paragraph 23.

24.     Plaintiff admits the allegations of Paragraph 24.

25.     Plaintiff denies the allegations of Paragraph 25.

26.     Plaintiff denies the allegations of Paragraph 26.

27.     Plaintiff denies the allegations of Paragraph 27.

## THIRD COUNTERCLAIM – NONINFRINGEMENT OF U.S. TRADEMARK NO. 5,140,516

28.     In response to Paragraph 28, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

29.     In response to Paragraph 29, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

30.     In response to Paragraph 30, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

### FOURTH COUNTERCLAIM – NONINFRINGEMENT
### OF U.S. TRADEMARK NO. 5,129,197

31.     In response to Paragraph 31, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

32.     In response to Paragraph 32, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

33.     In response to Paragraph 33, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

### FIFTH COUNTERCLAIM – NONINFRINGEMENT
### OF U.S. TRADEMARK NO. 4,730,623

34.     In response to Paragraph 34, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

35.     In response to Paragraph 35, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

36.     In response to Paragraph 36, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

### SIXTH COUNTERCLAIM – CANCELLATION AND UNENFORCEABILITY
### OF U.S. TRADEMARK NO. 4,730,623

37.     In response to Paragraph 37, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

38.     Plaintiff denies the allegations of Paragraph 38.

39.     Plaintiff denies the allegations of Paragraph 39.

40.     Plaintiff denies the allegations of Paragraph 40.

4

41.   Plaintiff denies the allegations of Paragraph 41.

42.   Plaintiff admits the allegations of Paragraph 42.

43.   Plaintiff denies the allegations of Paragraph 43.

44.   Plaintiff denies the allegations of Paragraph 44.

45.   Plaintiff denies the allegations of Paragraph 45.

46.   Plaintiff admits the allegations of Paragraph 46.

47.   Plaintiff denies the allegations of Paragraph 47.

48.   Plaintiff denies the allegations of Paragraph 48.

49.   Plaintiff denies the allegations of Paragraph 49.

## SEVENTH COUNTERCLAIM – NONINFRINGEMENT OF U.S. TRADEMARK NO. 4,711,395

50.   In response to Paragraph 50, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

51.   In response to Paragraph 51, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

52.   In response to Paragraph 52, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

## EIGHTH COUNTERCLAIM – CANCELLATION OF U.S. TRADEMARK NO. 4,711,395

53.   In response to Paragraph 53, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

54.   Plaintiff denies the allegations of Paragraph 54.

55.   Plaintiff admits the allegations of Paragraph 55.

56.   Plaintiff denies the allegations of Paragraph 56.

57.     Plaintiff denies the allegations of Paragraph 57.

58.     Plaintiff denies the allegations of Paragraph 58.

59.     Plaintiff denies the allegations of Paragraph 59.

60.     Plaintiff denies the allegations of Paragraph 60.

61.     Plaintiff denies the allegations of Paragraph 61.

62.     Plaintiff admits the allegations of Paragraph 62.

63.     Plaintiff denies the allegations of Paragraph 63.

64.     Plaintiff denies the allegations of Paragraph 64.

65.     Plaintiff denies the allegations of Paragraph 65.

## NINTH COUNTERCLAIM – NONINFRINGEMENT OF U.S. TRADEMARK NO. 2,892,819

66.     In response to Paragraph 66, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

67.     In response to Paragraph 67, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

68.     In response to Paragraph 68, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

## TENTH COUNTERCLAIM – CANCELLATION AND UNENFORCEABILITY OF U.S. TRADEMARK NO. 2,892,819

69.     In response to Paragraph 69, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

70.     Plaintiff admits that on July 15, 2003, Plaintiff applied for registration of the mark that ultimately registered as No. 2,892,819 for services in Class 45, namely, "Association services; namely promoting the interests of lawyer who have an interest in personal injury and accident law;

6

Association services; namely, providing information and advocacy in the field of personal injury and accident law; Association services; namely promoting the interests of lawyers and law professionals; Association services; namely promoting the interests of motorcyclists and motorcycle drivers; Legal services; namely legal advisory services, provision of legal consultations, legal advice and representation of others in legal matters, legal research, and services of lawyers, law professionals, and notary publics." Plaintiff denies the remaining allegations of Paragraph 70.

71.     Plaintiff denies the allegations of Paragraph 71.

72.     In response to Paragraph 72, Plaintiff admits that it amended the application as stated, but denies the remaining allegations of Paragraph 72.

73.     Plaintiff admits the allegations of Paragraph 73.

74.     Plaintiff denies the allegations of Paragraph 74.

75.     Plaintiff denies the allegations of Paragraph 75.

76.     Plaintiff denies the allegations of Paragraph 76.

77.     Plaintiff denies the allegations of Paragraph 77.

78.     Plaintiff denies the allegations of Paragraph 78.

79.     Plaintiff denies the allegations of Paragraph 79.

80.     Plaintiff admits the allegations of Paragraph 80.

81.     Plaintiff denies the allegations of Paragraph 81.

82.     Plaintiff denies the allegations of Paragraph 82.

83.     Plaintiff denies the allegations of Paragraph 83.

## ELEVENTH COUNTERCLAIM – NONINFRINGEMENT
## OF U.S. TRADEMARK NO. 2,920,420

84.     In response to Paragraph 84, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

85.     In response to Paragraph 85, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

86.     In response to Paragraph 86, Plaintiff has no knowledge regarding a "'902 patent" and therefore denies.

## TWELFTH COUNTERCLAIM – CANCELLATION AND UNENFORCEABILITY
## OF U.S. TRADEMARK NO. 2,920,420

87.     In response to Paragraph 87, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

88.     Plaintiff admits that on July 15, 2003, Plaintiff applied for registration of the mark that ultimately registered as No. 2,920,420 for services in Class 45, namely, "Association services; namely promoting the interests of lawyer who have an interest in personal injury and accident law; Association services; namely, providing information and advocacy in the field of personal injury and accident law; Association services; namely promoting the interests of lawyers and law professionals; Association services; namely promoting the interests of motorcyclists and motorcycle drivers; Legal services; namely legal advisory services, provision of legal consultations, legal advice and representation of others in legal matters, legal research, and services of lawyers, law professionals, and notary publics." Plaintiff denies the remaining allegations of Paragraph 88.

89.     Plaintiff denies the allegations of Paragraph 89.

90.     Plaintiff denies the allegations of Paragraph 90.

91.     Plaintiff admits the allegations of Paragraph 91.

8

92.     Plaintiff denies the allegations of Paragraph 92.

93.     Plaintiff denies the allegations of Paragraph 93.

94.     Plaintiff admits the allegations of Paragraph 94.

95.     Plaintiff denies the allegations of Paragraph 95.

96.     Plaintiff denies the allegations of Paragraph 96.

97.     Plaintiff denies the allegations of Paragraph 97.

98.     Plaintiff admits the allegations of Paragraph 98.

99.     Plaintiff denies the allegations of Paragraph 99.

100.    Plaintiff denies the allegations of Paragraph 100.

101.    Plaintiff denies the allegations of Paragraph 101.

## THIRTEENTH COUNTERCLAIM – NON-DILUTION OF LAW TIGERS MARK UNDER 15 U.S.C. § 1125(c)

102.    In response to Paragraph 102, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

103.    Plaintiff denies the allegations of Paragraph 103.

104.    Plaintiff admits that Counterclaim-Plaintiffs seek a declaratory judgment, but denies they are entitled to the same.

## FOURTEENTH COUNTERCLAIM – NON-DILUTION OF LAW TIGERS MARK UNDER 756 ILCS 1036/65

105.    In response to Paragraph 105, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

106.    Plaintiff denies the allegations of Paragraph 106.

107.    Plaintiff admits that Counterclaim-Plaintiffs seek a declaratory judgment, but denies they are entitled to the same.

**FIFTEENTH COUNTERCLAIM – NON-VIOLATION OF ILLINOIS UDTPA**

108.    In response to Paragraph 108, Plaintiff repeats the responses to the proceeding paragraphs as if fully set forth herein.

109.    Plaintiff denies the allegations of Paragraph 109.

110.    Plaintiff admits that Counterclaim-Plaintiffs seek a declaratory judgment, but denies they are entitled to the same.

111.    Plaintiff denies each and every remaining allegation of the Counterclaims not otherwise specifically admitted or denied and denies that Defendants are entitled to the relief requested.

## JURY DEMAND

Plaintiff admits that Defendants/Counterclaim-Plaintiffs are entitled to a jury trial on all claims so triable by jury.

## EXCEPTIONAL CASE

Plaintiff denies that Defendants/Counterclaim-Plaintiffs are entitled to their attorneys' fees and costs pursuant to 15 U.S.C. § 1117.  Defendants have failed to plead any facts that, even if true, would make this an exceptional case under 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants/Counterclaim-Plaintiffs on their counterclaims and enter an Order:

A.    Denying Defendants/Counterclaim-Plaintiffs the requested relief;

B.    Declaring that the various AAMIL trademark registrations at issue valid and enforceable;

10

C.      Declaring that the Defendants/Counterclaim-Plaintiffs are infringing the various

AAMIL trademarks at issue;

D.      Declaring that no fraud has been committed by Plaintiff on the U.S. Trademark

Office;

E.      Dismissing the Counterclaims in their entirety, with prejudice;

F.      Awarding costs and attorneys' fees to Plaintiff incurred in this action;

G.      Declaring this case is exceptional and awarding costs and reasonable attorneys'

fees to Plaintiff pursuant to 15 U.S.C. § 1117; and

H.      Awarding such other and further relief to Plaintiff as the Court may deem

appropriate and just under the circumstances.

Dated submitted this 31st day of August, 2021.

**HARTMAN TITUS PLC**

By:   /s/ Bradley P. Hartman

Bradley P. Hartman (*pro hac vice* )
bhartman@hartmantitus.com
3507 N. Central Ave, Ste 101
Phoenix, AZ 85012-2121
Tel: 602-235-0500

**PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP**

Belinda J. Scrimenti (IL 6288885)
bscrimenti@pattishall.com
Phillip Barengolts (IL 6274516)
pb@pattishall.com
200 South Wacker Drive, Suite 2900
Chicago, IL 60606
Tel: 312-554-8000

*Attorneys for Plaintiff American Association Of
Motorcycle Injury Lawyers, Inc.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically services and sends notice of such filing to all counsel of record.


/s/  Bradley P. Hartman
Bradley P. Hartman